UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Carol Manheim, d/b/a Plantation Plaza Therapy Center, individually, and on behalf of all other persons similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SME Inc., USA, d/b/a Superior Medical Equipment,<br><br>    Defendant. | Case No. 2:14-cv-02856-DCN |

## Complaint for Damages

Carol Manheim, d/b/a Plantation Plaza Therapy Center, files this complaint against SME Inc., USA, d/b/a Superior Medical Equipment on her own behalf and on behalf of all other persons, natural or otherwise, similarly situated as a class action under Rule 23 of the Federal Rules of Civil Procedure and shows the Court as follows:

1.

This case challenges Superior Medical Equipment's practice of sending fax advertisements.

2.

The Telephone Consumer Protection Act ("TCPA"), 47 USC § 227, imposes a comprehensive regulatory framework on all fax advertisements.

3.

Generally speaking, the TCPA prohibits people from sending fax advertisements without first obtaining prior express invitation or permission from those to whom they send their advertisements.

4.

Sending fax advertisements, which are often called junk faxes, causes damage to those to whom the junk faxes are sent. Those to whom junk faxes are sent have their telephone lines tied up, and their paper and toner or ink used to print the senders' advertisements. Sending fax advertisements invades the privacy of those to whom the junk faxes are sent. Unwanted faxes prevent fax machines from receiving authorized faxes, prevent fax machines from being used for authorized outgoing faxes, cause undue wear and tear on the fax machines to which the junk faxes are sent, and require additional labor by those to whom the junk faxes are sent to attempt to discern the source and purpose of the unsolicited message. And sending unwanted fax advertisements consumes a portion of the limited capacity of the telecommunications infrastructure serving those to whom they are sent.

**Parties & Jurisdiction**

5.

Carol Manheim owns and operates Plantation Plaza Therapy Center, a sole proprietorship, that provides rehabilitation, physical therapy, and clinical counseling.

6.

Plantation Plaza Therapy Center is located at 12 Carriage Lane, Charleston, South Carolina 29407.

7.

SME Inc., USA d/b/a Superior Medical Equipment is a corporation incorporated in North Carolina.

8.

Superior Medical Equipment sells physical therapy and rehab supplies.

9.

Superior Medical Equipment's registered agent for service of process is David L. Rouen, Jr., and he may be served with process at 5949 Carolina Beach Road, Wilmington, North Carolina 28412.

10.

This Court has subject-matter jurisdiction over Plantation Plaza Therapy Center's claims under 28 U.S.C. § 1331. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

11.

This Court has personal jurisdiction over Superior Medical Equipment because Superior Medical Equipment has committed one or more tortious acts in South Carolina.

12.

Venue is proper in this Court.

**Class Action Regarding Similarly Situated Plaintiffs**

13.

The individual named plaintiff, Carol Manheim, d/b/a Plantation Plaza Therapy Center, brings this action on her own behalf and on behalf of all other persons, natural or otherwise, similarly situated as a class action under Rule 23 of the Federal Rules of Civil Procedure.

14.

The persons who make up the proposed Class meet all of the following criteria:

All persons, natural or otherwise, throughout the United States to whom Superior Medical Equipment sent or caused to be sent, at any time from the date that is four years before the filing of this lawsuit to the present, to the present, one or more facsimile or fax transmissions with content substantially similar to those fax transmissions contained in Exhibits A, B, or C attached to this Complaint.

15.

The persons constituting the proposed Class are so numerous so as to make it impractical to bring all of them before this Court.

16.

There are questions of law and fact common to the members of the proposed Class that predominate over any questions affecting only individual members. The principal questions raised by this action are:

(a)  whether the fax transmissions at issue are "advertisements";

(b)  whether Superior Medical Equipment violated 47 U.S.C. § 227, the Telephone Consumer Protection Act ("TCPA"); and

(c)  the nature and extent of damages and other remedies to which the conduct of Superior Medical Equipment entitles class members.

17.

In support of its allegations that the members of the proposed Class are similarly situated, Plantation Plaza Therapy Center shows:

> Plantation Plaza Therapy Center's claim is typical of the Class because Superior Medical Equipment sent Plantation Plaza Therapy Center facsimile transmissions that contained an advertisement.

18.

The questions of law and fact that are common to the proposed Class and Plantation Plaza Therapy Center are typical of the claims of the proposed Class.

19.

Plantation Plaza Therapy Center and its attorneys will fairly and adequately represent the interests of the proposed Class.

20.

This action has the appropriate characteristics to meet the prerequisites of Rule 23 of the Federal Rules of Civil Procedure for this action to be certified and prosecuted as a class action.

21.

Plantation Plaza Therapy Center is an adequate class representative since it will fairly and adequately protect the interests of the Class.

22.

Neither Plantation Plaza Therapy Center nor its counsel have any interest that might cause them not to vigorously pursue this action on behalf of the proposed Class.

23.

Plantation Plaza Therapy Center has hired counsel experienced in handling class actions and actions involving violations of the Telephone Consumer Protection Act.

24.

A class action is the superior method for the fair and efficient adjudication of this controversy.

WHEREFORE Plantation Plaza Therapy Center requests that, upon proper motion, this Court enter an order certifying this matter as a class action.

**Factual Allegations Pertinent to Plaintiffs' Claims**

**Count 1: Violations of the Telephone Consumer Protection Act**

25.

Section 227(b)(1)(C) of Title 47 of the United States Code provides that

> "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States, …to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement."

26.

On October 1, 2012, Superior Medical Equipment or agents acting on its behalf used a telephone facsimile machine, computer, or other device to send an advertisement for its

property, goods, or services to Plantation Plaza Therapy Center's facsimile machine.

27.

Attached to this complaint as Exhibit A and incorporated herein by reference is a true and accurate copy of the facsimile or fax transmission that Superior Medical Equipment sent to Plantation Plaza Therapy Center on October 1, 2012.

28.

On November 12, 2012, Superior Medical Equipment or agents acting on its behalf used a telephone facsimile machine, computer, or other device to send an advertisement for its property, goods, or services to Plantation Plaza Therapy Center's facsimile machine.

29.

Attached to this complaint as Exhibit B and incorporated herein by reference is a true and accurate copy of the facsimile or fax transmission that Superior Medical Equipment sent to Plantation Plaza Therapy Center on November 12, 2012.

30.

On December 13, 2013, Superior Medical Equipment or agents acting on its behalf used a telephone facsimile machine, computer, or other device to send an advertisement for its property, goods, or services to Plantation Plaza Therapy Center's facsimile machine.

31.

Attached to this complaint as Exhibit C and incorporated herein by reference is a true and accurate copy of the facsimile or fax transmission that Superior Medical Equipment sent to Plantation Plaza Therapy Center on December 13, 2013.

32.

Upon information and belief, on October 1 and November 12, 2012, and December 13, 2013, and other dates heretofore unknown, Superior Medical Equipment or agents acting on its behalf has sent the same and other facsimile or fax transmissions of material advertising the commercial availability of property, goods, or services to many other persons in South Carolina and throughout the United States as part of a plan to broadcast fax advertisements to a large number of telephone facsimile machines.

33.

Superior Medical Equipment's use of fax machines to send advertisements to fax machines constituted a written publication of material in a manner that violated the rights of privacy of those to whom Superior Medical Equipment sent its advertisements.

34.

As part of its fax advertising campaign, Superior Medical Equipment sent at least three advertisements to the telephone facsimile machine belonging to Plantation Plaza Therapy Center.

35.

By sending its fax advertisements to Plantation Plaza Therapy Center, Superior Medical Equipment violated Plantation Plaza Therapy Center's right of privacy.

36.

By sending its fax advertisements to Plantation Plaza Therapy Center, Superior Medical Equipment appropriated Plantation Plaza Therapy Center's paper, toner, and machinery and used them to publish Superior Medical Equipment's advertising material.

37.

By sending its fax advertisements to the proposed Class, Superior Medical Equipment violated the rights of privacy of the members of the proposed Class.

38.

By sending its fax advertisements to the proposed Class, Superior Medical Equipment appropriated the paper, toner, and machinery belonging to the members of the proposed Class and used them to publish Superior Medical Equipment's advertising material.

39.

Upon information and belief, Superior Medical Equipment engaged in the transmission of fax advertisements, including Exhibits A, B, and C, believing such transmissions were legal based on its own understanding of the law or based on the representations of others, on which Superior Medical Equipment reasonably relied.

40.

Upon information and belief, Superior Medical Equipment did not intend to send a transmission of fax advertisements, including Exhibits A, B, and C, to any person where such transmission was not authorized by law or by the recipient.

41.

Upon information and belief, to the extent that any transmission of a fax advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on either Superior Medical Equipment's own understanding of the law or based on the representations of others, on which Superior Medical Equipment reasonably relied.

42.

Upon information and belief, Superior Medical Equipment failed to correctly determine the legal restrictions on the use of fax transmissions and the application of those restrictions to the transmission of fax advertisements, including Exhibits A, B, and C, both to others in general, and specifically to Plantation Plaza Therapy Center.

43.

Under 47 U.S.C. § 227(b)(3)(B), Plantation Plaza Therapy Center is entitled to recover $500 for each violation of the TCPA.

44.

Under 47 U.S.C. § 227(b)(3)(B), each member of the proposed Class is entitled to recover $500 for each violation of the TCPA.

**Count 2: Treble Damages**

45.

Plantation Plaza Therapy Center realleges and incorporates the preceding paragraphs.

46.

Superior Medical Equipment's actions show that it knowingly violated the TCPA.

47.

The FCC has held that "knowingly" does not require that a person have a specific intent to violate the statute. *In re Intercambio, Inc.*, 3 FCC Rcd. 7247, 7253 (1988).

48.

Under the TCPA, for something to be considered to have been done "knowingly," the advertiser must have knowledge of the actions that constitute the violation—in this case, sending unsolicited advertisements to fax machines—not that the advertiser's actions violate the law.

49.

Under 47 U.S.C. § 227(b)(3)(C), this Court may increase the amount of the statutory damages up to an amount equal to $1,500 per violation of the TCPA.

50.

This Court should use its discretion to increase the amount of the statutory damages to an amount equal to $1,500 per violation of the TCPA because of Superior Medical Equipment's actions.

### Count 3: Conversion

51.

Plantation Plaza Therapy Center realleges and incorporates the preceding paragraphs.

52.

Superior Medical Equipment's actions constitute the common-law tort of conversion—the unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of the condition or the exclusion of the owner's rights.

53.

By sending Plantation Plaza Therapy Center and the other class members unsolicited advertising faxes, Superior Medical Equipment improperly and unlawfully converted their fax machines, toner, and paper to its own use.

54.

Immediately before to the sending of Superior Medical Equipment's unsolicited faxes, Plantation Plaza Therapy Center and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, and toner.

55.

By sending its unsolicited advertising faxes to Plantation Plaza Therapy Center and the class members, Superior Medical Equipment permanently misappropriated Plantation Plaza Therapy Center's and the class members' fax machines, paper, and toner to

Superior Medical Equipment's own use. That misappropriation was wrongful and without authorization.

56.

Superior Medical Equipment knew or should have known that its misappropriation of fax machines, paper, and toner was wrongful and without authorization.

57.

Plantation Plaza Therapy Center and the other class members were deprived of the use of their fax machines, paper, and toner, which could no longer be used for any other purpose. Plantation Plaza Therapy Center and each class member thereby suffered damages as a result of Superior Medical Equipment sending its unsolicited fax advertisements.

58.

Plantation Plaza Therapy Center and the class are entitled to recover for the damages they suffered as a result of Superior Medical Equipment's unlawful conversion of their fax machines, paper, and toner in an amount to be determined at the time of trial.

**Count 4: Injunctive Relief**

59.

Plantation Plaza Therapy Center realleges and incorporates the preceding paragraphs.

60.

Under 47 U.S.C. § 227(b)(3)(A), Plantation Plaza Therapy Center is entitled to an

order from this Court enjoining Superior Medical Equipment from further violating the TCPA and the regulations promulgated under that statute.

61.

Under 47 U.S.C. § 227(b)(3)(A), each member of the proposed class is also entitled to an order from this Court enjoining Superior Medical Equipment from further violating the TCPA and the regulations promulgated under that statute.

WHEREFORE, Plantation Plaza Therapy Center requests for judgment against Superior Medical Equipment as follows:

a)  That, upon proper motion, the Court enter an order certifying the claims of Plantation Plaza Therapy Center and all other persons similarly situated as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure;

b)  That the Court enter judgment in favor of Plantation Plaza Therapy Center and the members of the proposed Class against Superior Medical Equipment in an amount of $500 for each and every violation of the TCPA;

c)  That the Court find that the Superior Medical Equipment knowingly violated the TCPA and increase the amount of the statutory damages by $1,000 per violation of the TCPA, making the total damages for each violation of the TCPA $1,500;

d)  That the Court enter judgment in favor of Plantation Plaza Therapy Center and the members of the proposed class for the damages they suffered as a result of Superior Medical Equipment's unlawful conversion of their fax machines, paper, and toner in an amount to be determined at the time of trial;

e)  That the Court enter a permanent injunction enjoining Superior Medical Equipment from further violating the TCPA and the regulations promulgated under that statute;

f)  That all costs of this action, including reasonable attorney's fees, be assessed against Superior Medical Equipment; and

g)  That Plantation Plaza Therapy Center and the proposed Class have such other and further relief as is just and proper.

Respectfully submitted, this 16th day of July, 2014.

/s/ J. Clarke Newton
J. Clarke Newton (Fed. Bar No. 11598)
John S. Nichols (Fed. Bar No. 02535)
Bluestein, Nichols, Thompson & Delgado, LLC
PO Box 7965
Columbia, SC 29202
(803) 779-7599
(803) 771-8097 facsimile
cnewton@bntdlaw.com

Marc B. Hershovitz (GA Bar No. 349510)
(*Pro Hac Vice application to be submitted*)
Marc B. Hershovitz, PC
One Alliance Center, 4th Floor
3500 Lenox Road
Atlanta, GA 30326
(404) 262-1425
(404) 262-1474 facsimile
marc@hershovitz.com