UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Carol Manheim d/b/a Plantation Plaza Therapy Center, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SME Inc., USA d/b/a Superior Medical Equipment,<br><br>Defendant. | Case No. 2:14-cv-02856-DCN |

# Order Preliminarily Approving Class-Action Settlement

Carol Manheim d/b/a Plantation Plaza Therapy Center moved the Court for preliminary approval of a proposed settlement as set forth in the Settlement Agreement entered into by the parties on July 1, 2015, a copy of which is on file with the Court.

In accordance with Federal Rule of Civil Procedure 23(e), the Court has reviewed the Settlement Agreement and other materials submitted by the parties and has concluded that this preliminary approval of the settlement is warranted and appropriate. Accordingly, IT IS HEREBY ORDERED:

**A.    Class Certification**

In accordance with Federal Rule of Civil Procedure 23, the Court

— 1 —

preliminarily certifies, solely for the purposes of effectuating the settlement, the following Settlement Class ("the Class") under Rule 23(b)(2) and (3):

> all persons, natural or otherwise, throughout the United States to whom SME sent or caused to be sent, at any time from July 16, 2010, to the present, one or more facsimile or fax transmissions with content substantially similar to those fax transmissions contained in Exhibits A, B, C, D, E, F, G, H, I, J, K, L, or M.

The Court finds for settlement purposes only that (a) the members of this Class are so numerous that joinder of all of them in the action is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Plaintiff are typical of the claims of the Class Members; (d) common questions of law and fact exist and predominate over questions affecting only individual Settlement Class Members; (e) Plaintiff and her counsel will fairly and adequately represent and protect the interests of all the Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the instant controversy.

The Court further finds for settlement purposes only that SME has acted on grounds that apply generally to the class so that final injunctive relief is appropriate respecting the class as a whole.

The Court designates Carol Manheim d/b/a Plantation Plaza Therapy Center as the Class Representative, it designates the following attorneys as counsel for the Class or "Class Counsel": Marc B. Hershovitz and his law firm Marc B. Hershovitz, P.C., and John Nichols and Clarke Newton and their law firm Bluestein, Nichols, Thompson & Delgado, LLC. The Court designates CAC

Services Group, LLC as the Claims Administrator.

The Court certifies this Class for the purpose of providing notice of the settlement and effectuating the settlement only. If the Court ultimately does not approve the settlement, then this preliminary class certification will be vacated without prejudice. The parties may then proceed with litigating the case in accordance with the relevant rules and procedures.

**B.     Preliminary Approval of Settlement**

The Court preliminarily approves the settlement as being fair, just, adequate, and reasonable as to the Class members, subject to further consideration at a final hearing ("the Fairness Hearing") to be held before this Court at 10:00 a.m. on February 17, 2016, in Courtroom 2 in the Hollings Judicial Center at 83 Meeting Street, Charleston, South Carolina 29401.

At the Fairness Hearing, the Court will conduct an evidentiary hearing and determine: (i) whether the proposed settlement of this action on the terms and conditions of the Settlement Agreement is fair, just, adequate, and reasonable as to the Class members and should be approved by the Court; (ii) whether the Court will enter a Final Order and Judgment terminating all claims with prejudice as agreed upon by the parties; (iii) the amount of attorney's fees, litigation costs, and expenses that Class Counsel should receive if the Court approves the Settlement Agreement; (iv) whether the Class Representative should be awarded a case-contribution award for her service in bringing this case on behalf of the Class and serving as the Class Representative if the Court approves the Settlement

Agreement, and the amount of the award; and (v) whether Class members should be bound by the release set forth in the Settlement Agreement.

The Court approves the form and content of the proposed Fax Notice that was attached to the Settlement Agreement and provided to the Court in connection with the Class's Motion for Preliminary Approval. Further, the Court finds that the program of individual faxed notice and Internet notice proposed by the parties meets the requirements of Rule 23 and of constitutional due process, and is the best notice practicable under the circumstances.

Within 30 days of the entry of this Order, the Claims Administrator shall send a notice in substantially the same form and content as the form attached to the Settlement Agreement as Exhibit N-1 to all fax numbers listed in the SME Database that was provided to Class Counsel. No Fax Notice will be sent before 9 a.m., after 5 p.m., or on weekends or holidays.

Within 30 days of the entry of this Order, the Claims Administrator shall publish an Internet website at www.smeclassaction.com (or another domain name that is mutually agreed upon by the parties) that provides Class Members with information about this case and that allows Class Members to obtain the forms necessary to opt out of the Class and submit claims for payment from the Settlement Fund. The website must include the Detailed Notice attached to the Settlement Agreement as Exhibit N-2.

Within 45 days of the entry of this Order, the Claims Administrator shall file a notice with the Court attesting that it has complied this Order.

### C.  Right to Opt Out

Any member of the Class may request to be excluded from the Class and the settlement. The request must be in writing and mailed or delivered to the following address:

**SME-Class-Action Exclusions**
**c/o CAC Services Group, LLC**
**1601 Southcross Drive West**
**Burnsville, MN 55306**

The request for exclusion must be RECEIVED at the above address on or before the date that is 100 days after the entry of this Order.  Anyone that timely submits an exclusion request that is in substantially the same form as the attached Exhibit N will thereafter be excluded from the Class and the settlement, will not receive any benefits from the settlement, and will not be bound by the settlement or any further action taken in this case.  To be a valid exclusion request, the request must include the name, current address, current telephone number, and fax number used during the period January 1, 2012, to December 31, 2013, for the individual or business to be excluded; must contain a statement that unambiguously indicates a desire to be excluded from the Class; and must be personally signed by the class member requesting exclusion. So-called "mass" or "class" opt-outs shall not be allowed.  If a request for exclusion does not comply with all of the provisions of this Order, then it shall not be effective and the person submitting the ineffective request shall for all purposes be considered a member of the Class.

At or before the Fairness Hearing, the parties shall file with the Court a

declaration identifying those Class Members from whom valid and timely requests for exclusion were received. If the settlement is approved by the Court, Class members who have not validly and timely requested exclusion from the Class will be bound by all terms of the Settlement and other orders or actions of the Court affecting the Class, whether or not the Class Member has objected to the settlement.

### D.   Right to Participate, Comment, or Object

Any Class Member may enter an appearance in this case at their own expense.  Until and unless they enter such an appearance, all Class Members are represented by Class Counsel.

Any Class Member who wishes to object to any term of the proposed settlement must file a written objection. A Class Member who objects to the settlement may, but need not, retain counsel and enter an appearance through counsel, all at the Class Member's own expense. All objections to the proposed settlement must comply with the requirements detailed below and must be FILED AND RECEIVED by the Clerk of Court at the following address within 100 days of the entry of this Order:

> **Clerk of Court**
> **ATTENTION: Court Services Section**
> **United States District Court for the District of South Carolina**
> **Hollings Judicial Center**
> **83 Meeting Street**
> **Charleston, SC 29401**

A copy of the objection must also be mailed to the following attorneys at the

addresses as set forth below within 100 days of the entry of this Order:

| | |
|---|---|
| Marc B. Hershovitz, Esq. | Krishna Narine, Esq. |
| Marc B. Hershovitz, P.C. | Meredith & Narine, LLC |
| One Alliance Center | 100 S. Broad Street |
| 4th Floor | Suite 905 |
| 3500 Lenox Road | Philadelphia, PA 19110 |
| Atlanta, GA 30326 | |

To be a proper, valid, and effective objection, an objection must contain all of the following:

1. the name of this lawsuit, *Manheim v. SME, Inc. USA*, and its case number, 2:14-cv-02856-DCN;

2. the objector's full name, address, and telephone number;

3. the objector's signature or the signature of objector's counsel;

4. proof that the objector was sent one or more of SME's fax advertisements that are the subject of this litigation;

5. a statement that the objector objects to the settlement or part of the settlement and the reasons why;

6. a statement of whether the objector intends to appear at the Fairness Hearing;

7. a list of witnesses whom the objector may call by live testimony, oral deposition testimony, or affidavit during the Fairness Hearing, contact information for each such witness including, as applicable, home and business addresses and telephone numbers, and a synopsis of the testimony to be offered by each witness;

8. copies of any evidence or documents the objector wants the Court to consider; and

9. a statement as to whether the objector (or the objector's lawyer) wants to appear and speak at the Fairness Hearing.

Class members who do not timely object in compliance with this Order waive

all objections to the proposed settlement and will not be allowed to object at the Fairness Hearing or have any right to appeal any final approval of the settlement.

Class Members may not object to the settlement if they have excluded themselves from the Class in accordance with the procedures set forth in this Order. Class Members may not exclude themselves after the deadline specified above whether or not they have objected to the settlement.

Class Members who want to receive monetary payment from the cash consideration must submit to the Claims Administrator a fully and properly completed Claim Form within 100 days of the entry of this Order. Any Class member that does not timely submit a properly completed Claim Form will not be entitled to any proceeds from the cash consideration.

The Claims Administrator shall cross check all claims submitted to determine whether the claims are filed in the name associated with the fax number in SME's Database (the database of fax numbers that SME used to send its advertising faxes). If the names do not match, the Claims Administrator will contact the claimant and request backup information. A copy of a phone bill issued from January 1, 2012, to December 31, 2013, for the fax number at issue will be considered conclusive proof of the validity of the claimant's claim, as will a copy of any of the fax transmissions sent by SME.

### E. Fairness Hearing Briefing Schedule

Class Counsel may file a motion seeking fees, costs, and expenses relating to

any of the claims, counts, allegations or causes of action asserted in this case, and that motion must be filed at least 14 days before the Fairness Hearing. SME has agreed not to object to any request for attorney's fees, cost, and expenses not exceeding $162,500 plus the reasonable, actual out-of-pocket expenses that Class Counsel incurred in prosecuting this case and representing the Class.

The Class Representative shall file any motion for a case-contribution award at least 14 days before the Fairness Hearing. SME has agreed not to object to any request for a case-contribution award not exceeding $5,000.

The Class/Class Counsel shall file a motion for final approval of the settlement with a supporting brief and other materials at least 14 days before the Fairness Hearing. These motions shall be posted to the settlement website by the Claims Administrator within three business days of filing.

## Other Provisions

Any matters pertaining to the terms, administration, or effectuation of the settlement that are not addressed in this Order will be governed by the Settlement Agreement, which has been reviewed by the Court. The Court retains exclusive jurisdiction over the action to consider and resolve all matters arising out of or connected with the settlement.

If any deadline set by this Order or contained in the Settlement Agreement falls on a weekend or legal holiday, the deadline will be the next business day.

If the settlement does not receive Final Approval as defined in the Settlement

Agreement, or the Settlement Agreement is terminated for any other reason, then the following will apply:

1. All orders and findings entered in connection with the settlement, including this Order, will become null and void and of no further force and effect;

2. The settlement, Settlement Agreement, and all drafts, negotiations, discussions, and documentation relating thereto will become null and void, and will not be offered or received in evidence, or used or referred to for any purpose, in this action, or in any other proceeding;

3. The parties will be restored to their respective positions as they existed immediately before execution of the Settlement Agreement; and

4. All funds in the Settlement Fund shall be returned forthwith to SME without setoff or deduction of any nature except for the reasonable expenses of settlement administration already incurred.

This Order shall not be construed or used as an admission, concession, or declaration by or against SME of any fact, fault, wrongdoing, or liability.

The terms and provisions of the Settlement Agreement may be amended, modified or expanded by agreement of the parties in writing and approved by the Court without further notice to the Class if the changes are consistent with this Order and do not limit the rights of Class Members.

The Court reserves the right to continue the Fairness Hearing without further notice.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 29, 2015**
**Charleston, South Carolina**