**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Carol Manheim d/b/a Plantation Plaza Therapy Center, individually and on behalf of all other persons similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SME Inc., USA d/b/a Superior Medical Equipment,<br><br>    Defendant. | Case No. 2:14-cv-02856-DCN |

## Application for Class Representative Incentive Award

Incentive awards to class representatives have long been approved by courts to "recognize efforts by the named plaintiffs to obtain the recovery for class members."[1] They are legitimate rewards for producing certain benefits for a class and for society.[2] They "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general."[3] "[T]hey are the reward for those who put themselves at risk on the class' [sic] behalf, sometimes when no one

---

[1] *In re GNC S'holder Litig.*, 668 F. Supp. 450, 451 (W.D. Pa. 1987).

[2] Clinton A. Krislov, *Scrutiny Of The Bounty: Incentive Awards For Plaintiffs In Class Litigation*, 78 Ill. B.J. 286, 290 (1990).

[3] *Berry v. Schulman*, 807 F.3d 600, 613 (4th Cir. 2015).

— 1 —

else knew, cared, or was courageous enough to assume the risk."[4]

Class Counsel seeks an incentive award for Class Representative Carol Manheim in the amount of $5,000. This is reasonable under the circumstances.

When incentive awards are included in settlement agreements, courts must inquire as to whether the incentive award is the result of collusion so as to pay off the named representative to the detriment of the class.[5] There is no allegation of any collusion, and no collusion occurred here. Manheim rejected a settlement offer from the defendant that would have compensated her while leaving the Class with no recovery. The settlement offer Manheim rejected would have given her more money than the award now sought for her. And "this is not a case in which unnamed class members received 'only perfunctory relief.'"[6]

To determine the appropriateness of an incentive award, courts consider the actions the class representative has taken to protect the interests of the Class, the degree to which the Class benefitted from those actions, and the amount of time and effort the class representative expended in pursuing the litigation.[7] Class representatives are entitled to

---

[4] Clinton A. Krislov, *Scrutiny Of The Bounty: Incentive Awards For Plaintiffs In Class Litigation*, 78 Ill. B.J. 286, 290 (1990).

[5] *See Women's Comm. For Equal Employment Opportunity v. Nat'l Broad. Co.*, 76 F.R.D. 173, 180 (S.D.N.Y. 1977) (discussing courts' role under Rule 23(e) as guardian of the rights of the absent class members).

[6] *See Berry v. Schulman*, 807 F.3d 600, 614 (4th Cir. 2015) (deferring to the judgment of the district court in approving the Class Representatives' awards).

[7] *In re MI Windows & Doors Inc. Prods. Liab. Litig.*, No. 2:12-mn-00001-DCN, 2015 WL 4487734, at *6 (D.S.C. July 23, 2015).

more consideration than class members generally because they bore the burden and risks associated with undertaking litigation.[8]

Without Manheim, there would be no class-wide relief.[9] She retained Class Counsel. She was willing to run the reputational risk that is often associated with being a plaintiff in a class action.[10] And she put the interests of the Class ahead of her own and, as a result, hundreds of thousands of dollars and class-wide injunctive relief was obtained for the Class.

The Settlement Agreement provides for an incentive or case-contribution award of $5,000 to Manheim to be paid from the common fund in lieu of the $500 payment she would otherwise be entitled to receive as a member of the Class. This award is consistent with incentive awards made in other class-action cases.[11] The award is to be paid from the

---

[8] *Huguley v. Gen. Motors Corp.*, 128 F.R.D. 81, 85 (E.D. Mich. 1989).

[9] *In re MI Windows & Doors Inc. Prods. Liab. Litig.*, No. 2:12-mn-00001-DCN, 2015 WL 4487734, at *5 (D.S.C. July 23, 2015) (stating "a named plaintiff is an essential ingredient of any class action"); *Savani v. URS Prof'l Solutions LLC*, No. 1:06–cv–02805–JMC, 2015 WL 4644463, at *11 (D.S.C. Aug. 4, 2015) (stating that "without class representatives, the entire class would receive nothing").

[10] *See Berry v. Schulman*, 807 F.3d 600, 613 (4th Cir. 2015) (discussing that incentive awards are intended to compensate class representatives for undertaking reputational risk in bringing the action); *see also Third Circuit Task Force Report*, 208 F.R.D. 340, 344 (2002) (discussing the perception among some nonlawyers—and even among some lawyers and judges—that class-action plaintiffs' lawyers are overcompensated for the work that they do, and that such perception is often the result of misinformation).

[11] *E.g.*, *Berry v. Schulman*, 807 F.3d 600, 613–14 (4th Cir. 2015) (deferring to the judgment of the district court in approving $5,000 inventive awards to each class representatives); *McClaran v. Carolina Ale House Operating Co., LLC*, No. 3:14–cv–03884–MBS, 2015 WL 5037836, at *6 (D.S.C. Aug. 26, 2015) (awarding $10,000 to the named plaintiffs for their being willing to be the named plaintiffs, participating in settlement discussions, and attending hearings); *Muhammad v. Nat'l City Mortg., Inc.*, No. 2:07-0423, 2008 WL 5377783, at *9

(continued...)

common fund as Manheim's actions benefitted all class members. No class members have objected to the proposed incentive award.[12]

## Conclusion

Class Counsel urge that the Court approve the sum of $5,000 to be paid to the Class Representative from the common fund in recognition of her role and effort in obtaining the recovery for the absent class members.

Respectfully submitted, this 2nd day of February 2016.

| | |
|---|---|
| /s/ J. Clarke Newton | /s/ Marc B. Hershovitz |
| J. Clarke Newton, Esq. (ID No. 11598) | Marc B. Hershovitz (GA Bar No. 349510) |
| John S. Nichols, Esq. (ID No. 02535) | (Admitted *Pro Hac Vice*) |
| BLUESTEIN, NICHOLS, THOMPSON & DELGADO, LLC | Marc B. Hershovitz, P.C. |
| 1614 Taylor Street | One Alliance Center, 4th Floor |
| Columbia, South Carolina 29201 | 3500 Lenox Road |
| (803) 779-7599 | Atlanta, GA 30326 |
| (803) 771-8097 (fax) | (404) 262-1425 |
| cnewton@bntdlaw.com | (404) 262-1474 (fax) |
| jsnichols@bntdlaw.com | marc@hershovitz.com |

Attorneys for Plaintiff

---

[11] (...continued) (S.D.W. Va. Dec. 19, 2008) (approving $5,000 incentive award out of $700,000 "all-in" class-action settlement); *Montague v. Dixie Nat'l Life Ins. Co.*, No. 3:09–00687–JFA, 2011 WL 3626541, at *4 (D.S.C. Aug. 17, 2011) (approving $7,500 inventive award); *In re MI Windows & Doors Inc. Prods. Liab. Litig.*, No. 2:12-mn-00001-DCN, 2015 WL 4487734, at *5–6 (D.S.C. July 23, 2015) (approving $5,000 inventive award to each named plaintiff); *McDaniels v. Westlake Servs., LLC*, No. ELH–11–1837, 2014 WL 556288, at *12 (D. Md. Feb. 7, 2014) (approving $5,000 inventive award).

[12] Class members' failure to object to the incentive award is a proper consideration for the trial court. *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975).

— 4 —

**Certificate of Service**

      I hereby certify that on February 2, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Krishna Narine, Esq.
Michael A. Timbes, Esq.
Thomas J. Rode, Esq.
John S. Nichols, Esq.
J. Clarke Newton, Esq.
Marc B. Hershovitz, Esq.

<u>/s/ J. Clarke Newton</u>
J. Clarke Newton, Esq. (ID No. 11598)
John S. Nichols, Esq. (ID No. 02535)
BLUESTEIN, NICHOLS, THOMPSON & DELGADO, LLC
1614 Taylor Street
Columbia, South Carolina 29201
(803) 779-7599
(803) 771-8097 (fax)
cnewton@bntdlaw.com
jsnichols@bntdlaw.com