# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Carol Manheim d/b/a Plantation Plaza Therapy Center, individually and on behalf of all other persons similarly situated,<br><br>    Plaintiff,<br><br>       v.<br><br>SME Inc., USA d/b/a Superior Medical Equipment,<br><br>    Defendant. | Case No. 2:14-cv-02856-DCN |

## Settlement Order and Final Judgment

This matter came before the Court on February 17, 2016, pursuant to the Order Preliminarily Approving Class-Action Settlement entered on September 29, 2015 ("the Preliminary Approval Order"), for the purpose of determining (1) whether the settlement of this action, on the terms and conditions set forth in the Settlement Agreement previously submitted to the Court, should be approved as fair, just, adequate, and reasonable; (2) whether the Class Representative should receive a case contribution award and the amount of that award; (3) the amount of attorneys' fees and expenses to award Class Counsel; and (4) whether a Settlement Order and Final Judgment should be entered.

Having considered the record in this action, IT IS HEREBY ORDERED,

ADJUDGED, AND DECREED as follows:

The Court previously certified, for settlement purposes only, a class under Rule 23(b)(2) and (3) that consists of all persons, natural or otherwise, throughout the United States to whom SME Inc., USA d/b/a Superior Medical Equipment ("SME") sent or caused to be sent, at any time from July 16, 2010, to the present, one or more facsimile or fax transmissions with content substantially similar to those fax transmissions contained in Exhibits A, B, C, D, E, F, G, H, I, J, K, L, or M attached to this order. Excluded from the Class are individuals and businesses that timely submitted an exclusion request in accordance with the Preliminary Approval Order. Critchfield Physical Therapy, P.C. d/b/a Montgomery County Physical Therapy is excluded from the Class and the settlement, shall not receive any benefits from the settlement, and will not be bound by the settlement.

The Court finds that notice of the proposed class-action settlement was given to the Class in accordance with the Preliminary Approval Order and complied with the requirements of Rule 23(c)(2). The Court finds that the notice methodology was the best notice practicable under the circumstances of this case; satisfied due process requirements; and provided class members with fair and adequate notice of the proposed class-action settlement, the right to opt-out of the Class, this hearing, the right to object to the proposed settlement, the proposed settlement itself, the right of the Class Representative to apply for a case-contribution award for her service in bringing this case on behalf of the Class and serving as the Class Representative, and the right of Class Counsel to apply for an award of attorneys' fees and expenses.

The Settlement Agreement is the product of good-faith, arms-length negotiations between the parties, each of whom was represented by experienced counsel. The terms of the settlement, as set forth in the Settlement Agreement, are hereby determined to be fair, just, reasonable, and adequate. Accordingly, the Settlement Agreement, including each of its respective terms and conditions, is hereby finally approved by and incorporated as part of this Settlement Order and Final Judgment. This Settlement Order and Final Judgment incorporates by reference the defined terms in the Settlement Agreement.

No Class Member will have any property interest in the Settlement Fund unless that Class Member timely submitted a claim and the claim has been determined to be a valid claim under the terms of the Settlement Agreement.

The Court finds that a case-contribution payment of $5,000 to the Class Representative is fair and reasonable for her service in bringing this case on behalf of the Class and serving as the Class Representative.

SME is hereby permanently and forevermore enjoined and prohibited from, either directly or by assisting others, using any telephone facsimile machine, computer, or other device to send any unsolicited advertisement to any Class Member's telephone facsimile machine. The term "telephone facsimile machine" means equipment which has the capacity (A) to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper. The term "unsolicited advertisement" means any material advertising the commercial availability or quality of any property, goods, or services that is transmitted to any Class

Member's telephone facsimile machine without that person's prior express invitation or permission.

The Court hereby enters judgment fully and finally terminating all claims on the merits against SME. The Class Representative and all Class Members, regardless of whether they have claimed benefits under the settlement, by operation of this Order release and forever discharge SME and its shareholders, officers, directors, attorneys, agents, employees, successors, and assigns from all claims, whether legal or equitable, arising from or related to SME sending advertisements to fax machines or causing advertisements to be sent to fax machines at any time since July 16, 2010 with content substantially similar to those fax transmissions contained in Exhibits A, B, C, D, E, F, G, H, I, J, K, L, or M. The Class Representative and all Class Members, regardless of whether they have claimed benefits under the settlement, by operation of this Order also covenant not to sue the released parties regarding any of the released claims.

The release and covenant not to sue set forth above are effective only upon SME's full performance of the funding obligations set forth in the Settlement Agreement, and the release and covenant not to sue do not affect any claim that the Class Representative or any Class Member may have against SME for breach of the terms of the Settlement Agreement or for failure to comply with this Order.

All Class Members, regardless of whether they have claimed benefits under the settlement, are forever barred and permanently enjoined from filing, commencing, prosecuting, continuing, litigating, intervening in, or participating as a class member in any lawsuit or administrative, regulatory, or other proceeding in any jurisdiction if the

lawsuit or administrative, regulatory, or other proceeding is based on or relates to the claims and causes of action, or the facts and circumstances relating thereto, in or underlying this action that qualify them as Class Members

The Class Representative shall be paid a case-contribution payment of $5,000. This amount shall be paid to the Class Representative by the Claims Administrator within 10 days of this Order becoming "final."

The sum of $ 162,500.00 is hereby awarded to Class Counsel as the entire attorneys' fees in this action, covering all fees for legal services. The sum of $ 3,809.84 is further hereby awarded to Class Counsel for all reasonable costs (except the settlement costs as described in this Order), all reasonable disbursements, all reasonable out-of-pocket expenses, and all other reasonable expenditures in connection with this litigation. These sums shall be paid to Class Counsel as provided in the Settlement Agreement and shall be paid by the Claims Administrator to Class Counsel within 10 days of this Order becoming "final." For the purpose of this payment and all other payments or actions required by this Order, this Order will be deemed to be "final" if no appeal is filed after the entry of this Order and the time for filing any appeal from this Order has expired, or, if an appeal is filed, when the mandate from the appellate court affirming this Court's final order approving this settlement is filed in this Court.

Unless a different deadline is specified in the Settlement Agreement, all other payments required to be made under the Settlement Agreement, including but not limited to the payments to Class Members that submitted valid claims, shall be paid within 10 days of this Order becoming "final."

Neither this Order, the Settlement Agreement, the fact of the settlement, the settlement proceedings, settlement negotiations, nor any related document, shall be used as an admission of any act or omission by SME or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by SME in any proceeding other than any proceeding as may be necessary to consummate or enforce the Settlement Agreement or this Order.

None of the parties receiving releases under this Order shall have any responsibility for and shall have no liability whatsoever with respect to the allocation among Class Counsel of any attorneys' fees or expenses awarded by the Court, nor to any other person that may assert a claim thereto.

The parties are hereby authorized without further approval from the Court to adopt such amendments or modifications of the Settlement Agreement and all exhibits thereto as may be consistent in all respects with this Order and do not limit the rights of Class Members.

The Court retains jurisdiction over this settlement to the extent necessary to implement, effectuate, and administer this settlement and this Order, including but not limited to any issues arising from the Court's award of attorneys' fees and expenses.

AND IT IS SO ORDERED.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 19, 2016**
**Charleston, South Carolina**